| | |
|---|---|
| 1 | Matthew D. Pearson (294302) |
| 2 | **BAKER & HOSTETLER LLP**<br>600 Anton Boulevard<br>Suite 900 |
| 3 | Costa Mesa, CA 92626-7221<br>Telephone:  714.754.6600 |
| 4 | Facsimile:   714.754.6611 |
| 5 | Email:       mpearson@bakerlaw.com |
| 6 | Attorneys for Maxim Healthcare Services, Inc. |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# IN THE UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WILSON, a person lacking legal capacity, by MOSANTHONY WILSON, his conservator, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MAXIM HEALTHCARE SERVICES, INC., a Maryland Corporation,<br><br>Defendant. | Case No.: **'22CV0993 BAS WVG**<br><br>**NOTICE OF REMOVAL**<br><br>Complaint Filed:   May 25, 2022<br>Complaint Served: June 8, 2022 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Maxim Healthcare Services, Inc. ("Maxim" or "Defendant") hereby removes to the United States District Court for the Southern District of California the action filed on behalf of Michael Wilson, a person lacking legal capacity, by his conservator, Mosanthony Wilson ("Plaintiff"), in the Superior Court of the State of California, County of San Diego, Case No. 37-2022-00019850-CU-BT-CTL.

## JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, and removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), codified in pertinent part at 28 U.S.C. § 1332(d).

2. This Court is in the judicial district and division embracing the place where the state court case was brought and is pending. 28 U.S.C. § 84(d). Thus, this Court is the proper district court to which this case should be removed. 28 U.S.C. §§ 1441(a) and 1446(a).

## THE ACTION & TIMELINESS OF REMOVAL

3. On May 25, 2022, Plaintiff, on behalf of himself and, purportedly, on behalf of all others similarly situated, filed a Complaint (the "Complaint") against Maxim in the Superior Court of the State of California, County of San Diego, Case No. 37-2022-00019850-CU-BT-CTL, (the "State Court Action"). Plaintiff filed his Complaint as a putative class action. [Compl., ¶ 107 (defining putative class on whose behalf Plaintiff purports to bring this action).] A true and correct copy of the Complaint is attached to this Notice of Removal as **Exhibit 1**.

4. On June 8, 2022, Plaintiff served Maxim via process server with copies of the Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment and Case Management Conference, and other related documents. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all documents filed in the State Court Action are collectively attached hereto as **Exhibit 2**.[1]

5. This Notice of Removal is timely because Maxim filed it within thirty (30) days of being served with the Complaint. *See* 28 U.S.C. § 1446(b) (notice of removal shall be filed within 30 days of service); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (removal period begins when the defendant is served).

---

[1] Because the Complaint is attached hereto as Exhibit 1, Maxim has not also included it in Exhibit 2.

## CAFA JURISDICTION

6. <u>Basis of Original Jurisdiction</u>. This Court has original jurisdiction over this action under CAFA (codified in pertinent part at 28 U.S.C. § 1332(d)). Section 1332(d) provides that a district court shall have original jurisdiction over a class action with one hundred (100) or more putative class members, in which the matter in controversy, in the aggregate, exceeds the sum or value of $5 million. 28 U.S.C. § 1332(d). Section 1332(d) further provides that, for CAFA to apply, a member of the putative class must be a citizen of a state different from any defendant.

7. As set forth below, pursuant to 28 U.S.C. § 1332(d) and § 1441(a), Maxim may remove the State Court Action to federal court under CAFA because: (i) this action is pled as a class action; (ii) the putative class includes more than one hundred members; (iii) members of the putative class are citizens of a state different from that of Defendant; and (iv) the matter in controversy, in the aggregate, exceeds the sum or value of $5,000,000, exclusive of interest and costs.

## THE ACTION IS PLED AS A CLASS ACTION

8. CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332 (d)(1)(B).

9. As Plaintiff alleges, "Plaintiff brings this action as a class action on behalf of himself and all other persons similarly situated pursuant to California Code of Civil Procedure section 382." [Compl., ¶ 106.] Because class action suits brought pursuant to California Code of Civil Procedure § 382 are substantially similar to class action suits brought pursuant to Federal Rule of Civil Procedure 23, the first CAFA requirement is satisfied. *See Kidner v. P.F. Chang's China Bistro, Inc.*, No. EDCV 15-287 JGB KKX, 2015 WL 2453523, at *3 (C.D. Cal. May 21, 2015) (describing California Code of Civil Procedure § 382 as the "California analog" to Federal Rule of Civil Procure 23).

## THE PUTATIVE CLASS INCLUDES AT LEAST ONE HUNDRED (100) MEMBERS

10. Plaintiff alleges that "[o]n or about November 4, 2021, Defendant announced a breach of its information system's security that compromised Plaintiff's and the Class's Private Information (the 'Data Breach')," [Compl. ¶ 3.]. Based on the above allegation, Plaintiff asserts a single cause of action for violation of the California Confidentiality of Medical Information Act, Cal. Civ. Code § 56, *et seq.* ("CMIA"). [*See generally id.*]

11. Plaintiff purports to bring his violation-of-the-CMIA claim on behalf of a "class," which Plaintiff defines as: "All persons residing in the state of California whose Private Information was compromised, accessed, or viewed in the data breach first announced by Maxim on or about November 4, 2021 (the 'Class')." [*Id.* at ¶ 107.]

12. Maxim's records indicate that, of the individuals potentially impacted by the Data Breach, approximately 16,455 of them were associated with a California address.

13. Therefore, as currently defined by Plaintiff, the putative class includes more than the statutorily required minimum of 100 members.

## MINIMAL DIVERSITY OF CITIZENSHIP EXISTS

14. Pursuant to 28 U.S.C. § 1332(d)(2)(A), the "district court shall have original jurisdiction" over a "class in which . . . any member of the class of plaintiffs is a citizen of a State different from any defendant." *See also Abrego v. Dow Chem. Co.*, 443 F.3d 676, 680 (9th Cir. 2006) ("One way to satisfy minimal diversity is by demonstrating that any member of a class of plaintiffs is . . . a citizen or subject of a foreign state and any defendant is a citizen of a State.") (internal citations omitted).

15. <u>Plaintiff's Citizenship</u>. Plaintiff alleges that he "is, and at all times relevant to this action has been, a resident of San Diego, County of San Diego, California." [Compl. ¶ 11.] For diversity purposes, a person is a "citizen" of the state

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *Ehrman v. Cox Comm'ns, Inc.*, 932 F.3d 1223 (9th Cir. 2019) (requiring that, in the context of residency versus citizenship, a remanding plaintiff show lack of diversity by a factual, not merely facial, challenge to a notice of removal); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (noting that residence is prima facie evidence of domicile). Accordingly, Plaintiff is more likely than not a citizen of the State of California.

16. <u>Defendant's Citizenship</u>. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The United States Supreme Court has concluded that a corporation's "principal place of business" is "where a corporation's officers direct, control, and coordinate the corporation's activities," *i.e.*, the corporation's "nerve center." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). "[I]n practice," a corporation's "nerve center" should "normally be the place where the corporation maintains its headquarters." *Id.* "The public often (though not always) considers it the corporation's main place of business." *Id.* at 1193. As Plaintiff alleges, Maxim is a "Maryland corporation headquartered at 7227 Lee Deforest Drive, Columbia, MD 21046." [Compl. ¶ 13.] Therefore, Maxim is a citizen of Maryland.

17. Minimal diversity of citizenship is established pursuant to CAFA because Plaintiff is a citizen of California and Maxim is a citizen of Maryland.

## THE AMOUNT IN CONTROVERSY EXCEEDS THE CAFA THRESHOLD[2]

18. Where a complaint does not specify the amount of damages sought, as is the case with Plaintiff's Complaint, the removing defendant must prove by a

---

[2] The amounts set forth in this Notice of Removal are solely for purposes of establishing that the amount in controversy exceeds the $5 million threshold and are not intended to support, and cannot be construed as an admission, that Plaintiff can state a claim or is entitled to damages in any amount. Defendant denies liability,

preponderance of the evidence that the jurisdictional amount-in-controversy requirement is satisfied. 28 U.S.C. § 1446(c)(2)(B). The United States Supreme Court has held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" to meet the amount-in-controversy requirement. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 90 (2014).

19. As demonstrated below, the allegations in the Complaint make it more likely than not that the amount in controversy under CAFA exceeds $5,000,000.

20. Plaintiff alleges violations of the CMIA. [Compl. ¶¶ 121-134.]

21. Under the CMIA, any plaintiff who proves a violation is entitled to nominal damages of $1,000. Cal. Civ. Code § 56.36(b)(1). Plaintiff seeks, at minimum, these nominal damages on behalf of himself and on behalf of each member of the putative Class. [Compl. ¶ 134.]

22. As noted above, Maxim identified approximately 16,455 individuals that were (1) potentially impacted by the Data Breach and (2) that were associated with a California address. [*Id.* at ¶ 3.]

23. Therefore, as alleged by Plaintiff, the amount in controversy based just on potential CMIA nominal damages is $16,455,000, which far exceeds CAFA's $5,000,000 statutory minimum.

24. In addition to nominal damages, the CMIA provides that individuals who have suffered a violation under the CMIA may also recover actual damages. Cal. Civ. Code § 56.36(b)(2).

25. Plaintiff's Complaint contains no allegations that would indicate that either he or any member of the Class sustained actual damages because of Maxim's alleged conduct. Therefore, Maxim does not include actual damages in the calculation of the total amount in controversy. However, when actual damages (if

---

denies Plaintiff is entitled to recover any amount, and denies that a class can be properly certified in this action.

1  any) are combined with Plaintiff's and the alleged class members' nominal damages
2  under the CMIA, the amount in controversy further exceeds CAFA's $5,000,000
3  threshold.

4      26.   <u>Total Amount in Controversy</u>. Based on the discussion above, the
5  amount in controversy based just on alleged nominal damages under the CMIA
6  exceeds the $5,000,000 CAFA minimum before ever accounting for other forms of
7  relief, such as punitive damages, injunctive relief, and attorneys' fees, which, as
8  discussed below, add even more to the total amount in controversy.

9      27.   <u>Other Damages</u>. In addition to the damages discussed above, Plaintiff
10 also seeks punitive damages and injunctive relief (among other forms of relief not
11 calculated above) on behalf of himself and all putative class members. [Compl. ¶
12 "Relief Requested".] *See also Gibson v. Chrysler Corp.*, 261 F.3d 927, 946 (9th Cir.
13 2001), holding modified by *Exxon Mobil Corp. v. Allapattah Services., Inc.*, 545
14 U.S. 546, 125 S. Ct. 2611, 162 L.Ed. 2d 502, 558, 571-72 (2005) (finding that the
15 potential for punitive damages may still be considered for purposes of amount in
16 controversy); *see also Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347
17 (1977) ("In actions seeking . . . injunctive relief, it is well established that the amount
18 in controversy is measured by the value of the object of the litigation."). No
19 allegations in the Complaint allow Maxim to calculate the amount of these alleged
20 damages and relief. However, Maxim underscores these allegations as further
21 evidence that the amount in controversy exceeds $5,000,000, as already established
22 above.

23                                **ATTORNEYS' FEES**

24     28.   When the underlying substantive law provides for the award of
25 attorneys' fees, a party may include that amount in their calculation of the amount
26 in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).
27 The Court may consider reasonable estimates of attorneys' fees when analyzing
28 disputes over the amount in controversy. *See Brady v. Mercedes-Benz USA, Inc.*,

NOTICE OF REMOVAL

4875-8586-8839.2

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002). Plaintiff has sought attorneys' fees "pursuant to Cal. Civ. Code § 56.35." [Compl. ¶ 134.] Attorneys' fees should therefore be included in analyzing the amount in controversy.

29. In the Ninth Circuit, 25% of the award has been used as a "benchmark" for attorneys' fees. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). Using this benchmark, attorneys' fees, when added to the amounts discussed above, further increase the amount in controversy for alleged liability exposure above the jurisdictional minimum for removal.

30. Accordingly, the diversity, class size, and amount-in-controversy requirements of CAFA are satisfied. Maxim properly removed the State Court Action to this Court.

## NOTICE OF PARTY WITH FINANCIAL INTEREST

31. Pursuant to Federal Rule 7.1 and Local Rule 40.2, Maxim will file its Notice of Party with Financial Interest following the filing of this Notice of Removal. Fed. R. Civ. P. 7.1; L.R. 40.2.

## NOTICE OF FILING OF NOTICE OF REMOVAL

32. As required by 28 U.S.C. § 1446(d), Maxim is providing written notice of the filing of this Notice of Removal to Plaintiff and is filing a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of San Diego.

Dated: July 7, 2022            Respectfully submitted,

                               BAKER & HOSTETLER LLP

                               By:  */s/ Matthew D. Pearson*
                                    Matthew D. Pearson

                               Attorneys for Maxim Healthcare Services, Inc.